IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 120-027 |
| | * | |
| OKOYE O. WEST | * | |

O R D E R

Defendant Okoye O. West has filed a motion to reduce his sentence based upon Amendment 821 (Part A) to the United States Sentencing Guidelines, which provides a retroactive adjustment for certain offenders whose criminal history was impacted by "status points" under U.S.S.G. § 4A1.1(e). 18 U.S.C. § 3582(c)(2) provides the mechanism to attain any reduction in sentence if appropriate. Defendant has also moved for the appointment of counsel to assist him in this matter.

Defendant has no statutory or constitutional right to appointed counsel in this context. See United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) ("The notion of a statutory or constitutional right to counsel for § 3582(c)(2) motions has been rejected by all of our sister circuits that have addressed the issue, and we agree with this consensus."). The Court has reviewed myriad of cases initiated by pro se criminal defendants of varying educations, backgrounds, and circumstances seeking sentence reductions under Amendment 821. Generally speaking, the Court finds that these

defendants have adequately presented their cases to the Court for judicial review.  Short of showing that the interests of justice *require* the appointment of counsel, which Defendant has not done, the Court **DENIES** his motion for the appointment of counsel (doc. no. 48).

The amended version of U.S.S.G. § 4A1.1(e), which Defendant wishes the Court to apply, provides that if a defendant scores 7 or more points on his criminal history score and committed the instant offense while under any criminal justice sentence, one point shall be added to his score.[1]  In Defendant's case, he accumulated 9 criminal history points and received a two-point "status point" increase, resulting in a total criminal history score of 11.  His criminal history category, therefore, was V.  Applying only a one point "status point" increase would result in a total criminal history score of 10, but Defendant's criminal history category would remain V.  Thus, his guideline range would not be changed even if it was calculated using the amended § 4A1.1(e).  Therefore, Defendant West's motion for reduction in sentence (doc. no. 47) is **DENIED**.[2]

**ORDER ENTERED** at Augusta, Georgia this 7th day of March, 2024.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Under the old version of U.S.S.G. § 4A1.1(e), **two** "status points" were added.

[2] The Clerk is directed to **TERMINATE** Defendant West's original unsigned motion for reduce of sentence (doc. no. 45).